**Arthur I. APPLETON, dba Appleton Oil Company, Plaintiff,**

**v.**

**Mabelle KENNEDY, Matthew J. Kane, and Edmund T. Kennedy, Trustees of the Estate of Ed T. Kennedy, Deceased, Gary S. Weyl, Pamela Weyl Carter, Frances E. Oldfield and Fannie Donelson, Special Administrators of the Estate of R. L. Donelson, Deceased, Defendants.**

**No. 67–C–61.**

United States District Court
N. D. Oklahoma.

May 12, 1967.

Robert P. Kelly, Kelly & Gambill, Pawhuska, Okl., for plaintiff.

Matthew J. Kane, Hamilton, Kane & Kane, Pawhuska, Okl., for defendants.

## OPINION

BOHANON, District Judge.

This case involves the right of the owner of an oil and gas lease to build and operate a gas pipeline over certain lands in Osage County, Oklahoma.

The plaintiff, Arthur I. Appleton, doing business as Appleton Oil Company (not incorporated) on the 18th day of April, 1962, obtained a gas mining lease in the Osage Indian Reservation in Osage County, Oklahoma, from Osage Tribe of Indians of Oklahoma, executed by Paul Pitts, Principal Chief, under the authority and by resolution of the Osage Tribal Council. This lease covered Tract No. 4, being Section 18, Township 26 North, Range 5 East, Osage County, Oklahoma.

The Osage Tribe of Indians own all of the minerals, including oil and gas, in Osage County, Oklahoma, pursuant to an Act of Congress, June 28, 1906, 34 Stat.L. 539.

During the primary term of plaintiff's gas lease, he drilled a well on the above-described lands and obtained a commercial gas well on said premises, and had obtained a contract to market said gas, but could not do so until he had built or laid a pipeline from the well to the gathering system of the Oklahoma Natural Gas Company. In order to build this line, plaintiff had to cross certain portions of Sections 18, 19, 30, and 31, Township 21 North, Range 5 East, Osage County, Oklahoma, along the east line of said lands. The defendants Maybelle Kennedy, Matthew, J. Kane, and Edmund T. Kennedy, Trustees of the Estate of Ed T. Kennedy, deceased, are and were the owners of the East Half of Section 18, and the East Half of Section 19; the defendants Gary S. Weyl and Pamela Weyl Carter were and are the owners of the East Half of Section 30, and the defendants Frances E. Oldfield and Fannie Donelson, special administrators of the estate of R. L. Donelson, deceased, did have control over the East Half of Section 31, all located in Township 26 North, Range 5 East, Osage County, Oklahoma.

The plaintiff commenced the building of his pipeline across the east line of the land above described, but defendants refused to permit him to continue unless and until the plaintiff paid damages in advance to the defendants for the construction of said pipeline. Plaintiff brought this action against the defendants to restrain and enjoin the defendants from interfering with the construction of said pipeline across the lands above referred by the plaintiff, to a connection with the Oklahoma Natural Gas Company pipeline to which plaintiff had agreed to deliver the gas from his well and sell the same to said Oklahoma Natural Gas Company. Plaintiff's lease was about to expire and unless he was able to build and construct said pipeline and begin deliveries to Oklahoma Natural Gas Company of the gas from said well, his lease would expire by its own terms, thereby resulting in great damages to the plaintiff unless the defendants were enjoined and restrained from interfering with the construction of said line. It should be noted, as heretofore indicated, that the Osage Tribe of Indians own all the minerals under this land and the defendants are the owners only of surface rights or surface interests in their respective lands.

The action is between citizens of different states, and the amount in controversy exceeds $10,000, exclusive of interest and costs, and therefore this

Court has jurisdiction of the parties and of the subject matter.

 The owners of the surface interest, the defendants herein, own their land subject to the reservation of minerals in the Osage Tribe of Indians, and the valid rules and regulations promulgated thereunder by the Secretary of Interior. The Secretary promulgated the following regulation, reported in 25 Code of Federal Regulations, Sec. 183.5 (a), which provides in part:

"(A) Lessee shall have the right to use so much of the surface of the land within the Osage Reservation as may be reasonable for operations, including the right to lay and maintain pipelines, telephone and telegraph lines, pull rods and other appliances necessary for the operation of the wells, also the right of ingress and egress, and the right of way to any point of operations. * * * "

The defendants contend that this regulation is invalid and an attempt to alter the terms of the contract between the lessor, the lessee and the defendant surface owners, and an attempt upon the part of the Secretary to exercise legislative authority which was arbitrary and capricious, and the regulation is therefore void.

This question has never been before the Courts so far as our research reveals, and is of the first impression in this District, and first impression with respect to the Osage Tribe of Indians.

I am of the opinion that the regulation is not only reasonable but is a proper regulation for the full and proper enjoyment of the rights of the Osage Tribe of Indians, and its lessees, in obtaining the benefits of the mineral interests reserved to the Osage Tribe of Indians. Indeed it would be defeating the very rights which the Osage Tribe of Indians reserved to prohibit the building or laying of pipelines from leases properly executed by the Osage Tribe of Indians to lessees to produce and sell the oil and gas from the leases. It is common knowledge that oil from lands such as that involved here is best transported by pipeline systems, and, of course, there is no other way to transport natural gas other than through pipelines. It follows that if pipelines cannot or could not be constructed by lessees from the Osage Tribe of Indians, then the Tribe would in effect be deprived of its right to enjoy its reserved mineral interests. This does not mean, however, that the owners of the surface over which the pipeline is built or to be built will not be entitled to any resulting damages to the surface by reason of the building of said line, but that question is not before the Court for consideration or determination. The matter of damages is a matter that can be taken up and no doubt will be taken up in another suit unless an adjustment is made between the parties.

The defendants are permanently enjoined from interfering with the plaintiff in the laying of its pipeline across defendant's lands.

Judgment will be entered accordingly.